FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK ANTHONY STILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>JANA BOUZEK, MAC SETTER, SHARON WESTERGREEN, MELISSA STONE, and MIKE JOHNSTON,<br><br>    Defendants. | NO. 2:18-cv-00173-SAB<br><br>**ORDER DISMISSING ACTION AND DENYING MOTIONS** |

    Plaintiff, a prisoner at the Airway Heights Corrections Center, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. By separate Order the Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff seeks his release from incarceration, claiming that, approximately eight years ago, police officers compelled him through coercion to write a statement; a prosecutor engaged in misconduct by referencing that statement in closing arguments; and his public defender provided ineffective assistance by failing to assert his incompetency to stand trial.

//

//

**ORDER DISMISSING ACTION AND DENYING MOTIONS -- 1**

# PRISON LITIGATION REFORM ACT

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1),(2), 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1138-39 (9th Cir. 2000) (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez*, 203 F.3d at 1130–31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. On the basis of these standards, Plaintiff's present allegations fail to state a claim upon which relief may be granted.

//

## STATUE OF LIMITATIONS

The applicable statute of limitations for Section 1983 claims under Washington law is three years. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002); *Millay v. Cam*, 135 Wash.2d 193, 206 (1998) (requiring "bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff," for equitable tolling to apply). Plaintiff has presented no basis for equitable tolling. Therefore, his allegations against named Defendants which occurred more than three years prior to May 30, 2018, the date he submitted his complaint to this Court, ECF No. 1, are time-barred.

## *HECK V. HUMPHREY*

Plaintiff states specifically that he is not challenging the conditions of his confinement. ECF No. 1 at 11. Rather, he asks this Court to vacate an allegedly wrongful conviction. *Id.*

If a state prisoner challenges the fact or duration of his confinement, or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973). A Section 1983 claim is not the appropriate vehicle for a prisoner to challenge his underlying state conviction and sentence by seeking injunctive relief. *Preiser*, 411 U.S. at 489 ("[A] state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus . . . he cannot bring a § 1983 action, even though the literal terms of § 1983 might seem to cover such a challenge"). Therefore, Plaintiff is not entitled to the relief he in this § 1983 action.

## VENUE

None of the named Defendants is located in the Eastern District of Washington and none of the events giving rise to Plaintiff's claims occurred in this

district. 28 U.S.C. § 1391(b). Therefore, venue is not proper in the Eastern District of Washington.

Venue may be raised by the Court *sua sponte*. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When venue is improper, a district court has the discretion to either dismiss the case or transfer it "in the interest of justice." 28 U.S.C. § 1406(a).

The Court takes judicial notice of the fact that Plaintiff raised similar § 1983 claims challenging his conviction in the Western District of Washington. *See* Dismissal Order, ECF No. 9, *Stiller v. State of Washington*, No. 2:17-cv-189-RAJ (May 25, 2017). Therefore, it would not be "in the interest of justice" to transfer this case containing both time-barred and non-cognizable claims under § 1983, to the Western District of Washington. Accordingly, **IT IS ORDERED** is action is **DISMISSED WITHOUT PREJUDICE**.

## MOTION FOR APPOINTMENT OF COUNSEL

Generally, a person has no right to counsel in civil actions. However, the court has discretion to designate counsel pursuant to 28 U.S.C. § 1915(e)(1) under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id*. (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, Plaintiff has failed to demonstrate exceptional circumstances to warrant appointment of counsel. In light of the dismissal of this action, **IT IS ORDERED** Plaintiffs' Motion for Appointment of Counsel, ECF No. 5, is **DENIED.**

//

//

**ORDER DISMISSING ACTION AND DENYING MOTIONS --** 4

**MOTION TO PRESENT PRETRIAL TRANSCRIPT AS EXHIBIT**

On June 13, 2018, the Court received via the U.S. Postal Service, a document consisting of 201 pages, much of which was double-sided. ECF No. 9. Pursuant to General Order 16-35-1, participation in the E-Filing Program is mandatory for all prisoner litigants incarcerated at facilities participating in the Prison E-Filing Program. Plaintiff makes no allegation that he presented a single-sided document (i.e., a document with writing on only one side of each page) to prison officials for transmission to the Court. Plaintiff is admonished that he must comply with the Prison E-Filing Program by submitting any future documents (single-sided only) to be filed with this Court to the law librarian/designee for electronic filing.

In addition, some of the documents Plaintiff has submitted to the Court contain prohibited information under Federal Rule of Civil Procedure 5.2(a). Consequently, these documents, including the Complaint, ECF No. 1, and the Motion to Present Pretrial Transcript as Exhibit, ECF No. 9, have been sealed.

In any event, exhibits should not be submitted with a complaint. Instead, the relevant information contained in an exhibit should be paraphrased in the complaint. Exhibits should be kept for use to support or oppose a motion for summary judgment or a motion to dismiss, or for use at trial.

In light of the disposition of this case (i.e., the finding that Plaintiff's claims are time-barred, submitted in the wrong venue, and not presently cognizable as § 1983 claims under *Preiser* and *Heck*), Plaintiff's Motion to Present Pretrial Transcript as Evidence, ECF No. 9, is **DENIED.** Once documents are submitted to the Court, they cannot be returned. Should Plaintiff require copies of documents mailed to the Court, the cost is $.50 per page for copying.

//
//
//

**ORDER DISMISSING ACTION AND DENYING MOTIONS -- 5**

**MOTION FOR COURT ORDERED MENTAL HEALTH EVALUATION**

Plaintiff mailed a Motion for Court Ordered Mental Health Evaluation, ECF No. 10, and a letter, ECF No. 11, which were received on June 27, 2018. Once again, Plaintiff is admonished that his participation in the Prison E-Filing Program is mandatory.

Plaintiff asks the Court to order that Plaintiff receive a mental health evaluation at a state hospital and to compel the Department of Corrections to follow any treatment orders derived from that evaluation. Plaintiff claims to suffer from various diagnosed mental disorders and re-asserts that he was "incompetent and unfit to stand trial" when he was arrested and convicted approximately eight years ago. ECF No. 11 at 1.

The Court has no jurisdiction to compel the actions of person who are not Defendants to an action pending before the Court. *See generally* Fed. R. Civ. P. 3. To the extent Plaintiff seeks to challenge the present provision of mental health care within the Department of Corrections, he would need to file a separate action alleging facts sufficient to show how identified Defendants have been deliberately indifferent to his serious mental health needs.

At this time, **IT IS ORDERED** Plaintiff's Motion for Court Ordered Mental Health Evaluation, ECF No. 10, is **DENIED.**

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff and **CLOSE** the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 19th day of July 2018.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING ACTION AND DENYING MOTIONS -- 6**